IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **JOSEPH JOHN TREVINO**, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | §   Civil Action No. 4:25-cv-0659-O-BP |
| | § |
| **DC COMICS**, *et al.*, | § |
| | § |
| Defendants. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this case, Plaintiff Joseph John Trevino and other members of his family ask in their Complaint, "In the movie while Jack Nickson [sic] played the Joker; was Jack Nickson [sic] talking about Johnny Trevino? If he was and his role against Trevino Family pursued through his carreer [sic]. The Trevino Family want Justice; Violation of civil rights, pre-meditated murder, and defamation of character." ECF No. 1. Because the Complaint was factually incomplete, the Court sent Plaintiffs a Questionnaire seeking more information on their legal claims. ECF No. 7; *see Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) ("The employment of a [] questionnaire is a useful means by which the court can develop the factual basis for the prisoner's complaint."). Because Plaintiffs have not filed answers to the Questionnaire, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** this action **without prejudice** under Federal Rule of Civil Procedure 41(b).

**I.     LEGAL STANDARDS**

District courts may dismiss an action *sua sponte* for failure to prosecute or follow court orders. *See* Fed. R. Civ. P. 41(b). This power flows from the Court's inherent docket-management authority. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissals with prejudice for want of prosecution are considered "an extreme sanction." *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

## II.   ANALYSIS

Plaintiffs' responses to the Questionnaire were due July 30, 2025. ECF No. 7. When that date came and went, the Court afforded Plaintiffs an additional opportunity to comply and extended the deadline to file their responses to August 18. ECF No. 9. The Court warned Plaintiffs that if they did "not comply with the Court's previous Order to file their responses to the Court's Questionnaire and to this Order extending the due date for the questionnaire" the undersigned might recommend that the Court dismiss the case without prejudice under Federal Rule of Civil Procedure 41(b). *Id.*

Because Plaintiffs have neither filed their answers to the Questionnaire nor filed any pleadings explaining the delay, Chief Judge O'Connor should dismiss the case for failure to prosecute or obey court orders. *See* Fed. R. Civ. P. 41(b); *see also Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008) (observing that district courts are empowered to dismiss actions *sua sponte* under Rule 41(b) and routinely do). This is precisely the circumstance envisaged by the Rule, which flows from the Court's inherent authority to manage its docket. *Boudwin*, 756 F.2d 399, at 401 (citing *Link*, 370 U.S. 626). Nevertheless, because nothing indicates Plaintiffs' noncompliance stems from "purposeful delay or contumaciousness," and the Court has not first

"employed lesser sanctions," the Court should dismiss Plaintiffs' case without prejudice. *Long*, 77 F.3d at 880.

### III. CONCLUSION

Plaintiffs did not comply with prior court orders despite being warned noncompliance could lead to a recommendation that their case be dismissed without further warning. But their noncompliance does not appear to stem from purposeful delay or contumaciousness, and the Court therefore should dismiss the case without prejudice. Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on September 23, 2025.

                                                  Hal R. Ray, Jr.
                                                  UNITED STATES MAGISTRATE JUDGE